UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

CORNELIUS ROBERT CARUSO,

    Plaintiff,

v.

TITAN LIST AND MAILING SERVICES, INC.,
and JOAN PIANTADOSI,

    Defendants.
_____/

## COMPLAINT

Plaintiff Cornelius Robert Caruso sues Defendants Titan List and Mailing Services, Inc., and Joan Piantadosi, and alleges the following:

## JURISDICTION

1. This Court has original jurisdiction as certain of the claims are brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. (the "FLSA"), to recover unpaid minimum and overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, 28 U.S.C. § 1343(a)(4), and 29 U.S.C. § 216(b).

3. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's breach of contract claim in that this claim is so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

4. This Court has personal jurisdiction because, among other things,

Defendants have operated, conducted, engaged in, or carried on a business or business venture in Florida, and Defendants have engaged in substantial and not isolated activity within Florida. *See generally* Fla. Stat. § 48.193.

5. Pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 89(c), venue is proper in this Court because Defendants all reside in Florida, because Defendants reside in the Southern District of Florida, and a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Florida. The Fort Lauderdale Division is the proper division within the Southern District of Florida for this action.

## PARTIES

6. Cornelius Robert Caruso ("Plaintiff") is a resident of Broward County, Florida.

7. Titan List and Mailing Services, Inc. ("Titan"), is a Florida for-profit corporation with its principle place of business in Broward County, Florida.

8. Joan Piantadosi ("Piantadosi") is an individual resident of the State of Florida. Piantadosi is the President of Titan. Piantadosi owns and operates Titan and regularly exercises the authority to: (a) hire and fire employees of Titan; (b) determine the work schedules for the employees of Titan; and (c) control the finances and operations of Titan.

9. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 206 and § 207 of the FLSA.

10. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

11. At all times material hereto, Defendants were "employers" within the

meaning of FLSA.

12. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

13. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

14. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum in 2014, 2015, 2016, and 2017.

15. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

16. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

17. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## GENERAL ALLEGATIONS

18. Defendants are involved in advertising distribution. According to their website, Defendants distribute over thirty million advertising pieces for their customers on a monthly basis.

19. Defendants provide this advertising distribution by entering into contractual arrangements with customers. Some of these customers are located outside of the State of Florida. Indeed, Defendants maintain that they service customers located throughout North America, including Hawaii, Alaska, and Canada. To enter into these contractual arrangements, Defendants use telephonic and other communication services

(i.e., internet) going over state lines.  Defendants likewise use telephonic and other communication services going over state lines to accept payment of funds under these contractual arrangements.

20.     In addition, the work that Defendants contractually must perform sometimes requires sending products (i.e., the advertising they distribute) outside of the State of Florida.

21.     Defendants hired Plaintiff to work as what Defendants termed a "Sales Representative."  Some of the job duties performed by Plaintiff included and were not limited to selling Defendants' advertising distribution services.

22.     Plaintiff performed his job duties from Defendants' office in Deerfield Beach, Florida.  In other words, Plaintiff did not obtain sales by visiting a customer's place of business.  After all, more than twenty-five percent of Defendants' sales involved customers located outside of the State of Florida.  As such, nearly all of Plaintiff's sales were done by using the mail, telephone, and/or internet from Defendants' office.

23.     Defendants did not pay Plaintiff an hourly rate or salary for the work he performed.  Rather, at the time Defendants' terminated Plaintiff's employment, through a verbal agreement, Defendants paid Plaintiff exclusively by commission.  The agreement provided that Plaintiff would receive twenty-five percent of the total (gross) profit on each sale he made.

24.     Plaintiff routinely worked in excess of forty hours per work week.

25.     From at least November 6, 2014, and continuing until June 16, 2017, Defendants failed to compensate Plaintiff for all hours worked.  This includes and is not limited to compensating Plaintiff at the rate of at least minimum wage for hours worked

up to forty in a work week and compensating Plaintiff at a rate of one-half times and one-and-one-half times Plaintiff's regular rate for all hours worked in excess of forty hours in a work week.  Plaintiff should be compensated at minimum wage for those hours worked up to forty hours in a work week that were never paid by Defendants as required by the FLSA.  Plaintiff should be compensated at the rate of one-half times and one-and-one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty hours per week as required by the FLSA.

26.   Defendants have violated 29 U.S.C. § 206 and 29 U.S.C. § 207 from at least November 6, 2014, and continuing to date, in that:

a.   Plaintiff worked in excess of forty hours per work week for the period of employment with Defendants;

b.   No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the minimum wage rate set by the FLSA, at the statutory rate of one-half times and one-and-one-half times Plaintiff's regular rate for those hours worked in excess of forty hours per work week as provided by the FLSA; and

c.   Defendants failed to maintain proper time records as mandated by the FLSA.

27.   Plaintiff has retained the undersigned law firms to represent Plaintiff in the litigation and has agreed to pay the firms a reasonable fee for their services.  A consent to sue for Plaintiff is attached as Exhibit 1.

## COUNT I:
## RECOVERY OF OVERTIME COMPENSATION AGAINST ALL DEFENDANTS

28.   Plaintiff restates and realleges paragraphs 1 through 27 as if fully set forth

herein.

29.     From at least November 6, 2014, and continuing through June 16, 2017, Defendants failed to compensate Plaintiff for all hours worked.  This includes and is not limited to compensating Plaintiff at a rate of one-half times and one-and-one-half times Plaintiff's regular rate for all hours worked in excess of forty hours in a work week.

30.     Plaintiff was entitled to be paid at the statutory rate of one-half times and one-and-one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty hours per week as required by the FLSA.

31.     At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

32.     Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

33.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of one-half times and one-and-one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty hours in work week when they knew, or should have known, such was, and is due.

34.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty hours per work week, plus liquidated damages.

35.     Plaintiff is entitled to an award of reasonable attorneys' fees, costs, and expenses pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 54.

36.     At all times material hereto, Defendants failed to comply with Title 29 and

United States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4, with respect to Plaintiff by virtue of the management policy, plan, or decision that intentionally provided for the compensation for fewer hours than Plaintiff actually worked as well as the failure to pay overtime.

37. Plaintiff was not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiff with more than forty or more hours in a work week, Defendants failed to properly pay Plaintiff, proper overtime wages at one-half and one-and-one half his regular rate of pay for such hours.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants:

a. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty hours per work week;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 54;

d. Awarding Plaintiff pre-judgment interest (if liquidated damages are not awarded) and post-judgment interest; and

e. Ordering such other and further relief as the circumstances and law require and/or provide.

## COUNT II:
## RECOVERY OF MINIMUM WAGE COMPENSATION
## AGAINST ALL DEFENDANTS

38. Plaintiff restates and realleges paragraphs 1 through 27 as if fully set forth

herein.

39. From June 12, 2017, through June 16, 2017, Defendants failed to compensate Plaintiff for all hours worked. This includes and is not limited to compensating Plaintiff at the statutory minimum wage rate as established by federal law for all hours worked up to forty hours in a work week.

40. For those hours worked up to forty hours in a work week but not paid by Defendants, Plaintiff was entitled to be paid at the statutory minimum wage rate of $7.25 as in effect from June 12, 2017, through June 16, 2017.

41. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

42. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

43. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory minimum wage rate for the hours worked up to forty hours per week when they knew, or should have known, such was, and is due.

44. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked up to forty hours per week, plus liquidated damages.

45. Plaintiff is entitled to an award of reasonable attorneys' fees, costs, and expenses pursuant to 29 U.S.C. § 216(b).

46. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4, with

respect to Plaintiff by virtue of the management policy, plan, or decision that intentionally provided for the compensation for fewer hours than Plaintiff actually worked.

47. Plaintiff was not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiff with more hours in a work week, Defendants failed to properly pay Plaintiff, at least minimum wage compensation for such hours worked up to forty hours.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants:

a. Awarding Plaintiff minimum wage compensation in the amount due to him for Plaintiff's time worked up to forty hours per work week;

b. Awarding Plaintiff liquidated damages in an amount equal to the minimum wage award;

c. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 54;

d. Awarding Plaintiff pre-judgment interest (if liquidated damages are not awarded) and post-judgment interest; and

e. Ordering such other and further relief as the circumstances and law require and/or provide.

## COUNT III:
## BREACH OF CONTRACT AGAINST TITAN

48. Plaintiff restates and realleges paragraphs 1 through 23, and paragraph 27 as if fully set forth herein.

49. Titan and Plaintiff entered into a verbal agreement.

50. In this regard, the parties agreed to definite terms and conditions in which Plaintiff would be paid for the work he performed. No critical or essential terms were left open or undecided.

51. Titan agreed to pay Plaintiff wages by providing to him twenty-five percent of the total (gross) profit on each sale Plaintiff made. There was no requirement that Plaintiff be employed at the time the profit was determined. Rather, if Plaintiff made the sale, then he had to receive the required payment.

52. Consistent with the parties reaching an agreement, Titan paid Plaintiff in accordance with this agreement up until the final week leading up to Titan terminating Plaintiff. In terminating Plaintiff's employment, Titan materially breached the agreement because it refused to pay Plaintiff the wages owed under the parties' agreement.

53. Plaintiff has suffered damages as a result of Titan's material breach of the agreement.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Titan:

a. Awarding Plaintiff damages for his unpaid commissions;

b. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to Fla. Stat. § 448.08, 28 U.S.C. § 1920, and Fed. R. Civ. P. 54;

c. Awarding Plaintiff pre-judgment interest and post-judgment interest; and

d. Ordering such other and further relief as the circumstances and law require and/or provide.

## **JURY DEMAND**

Plaintiff demands a jury trial for all issues so triable.

Dated:  November 6, 2017                Respectfully submitted,

                                        s/Brian L. Lerner
                                        Brian L. Lerner (Fla. Bar No. 177202)
                                        blerner@kvllaw.com
                                        Kim Vaughan Lerner LLP
                                        One Financial Plaza, Suite 2001
                                        Fort Lauderdale, Florida 33394
                                        Telephone:   (954) 527-1115
                                        Facsimile:    (954) 527-1116
                                        Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or parties of record on the Service List below.

                                                           s/Brian L. Lerner

**SERVICE LIST**

| | |
|---|---|
| Joan Piantadosi<br>1020 NW 6th Street<br>Bay D<br>Deerfield Beach, Florida 33442<br><br>Via Service of Process<br><br>Brian L. Lerner<br>blerner@kvllaw.com<br>Kim Vaughan Lerner LLP<br>One Financial Plaza<br>100 SE Third Avenue, Suite 2001<br>Fort Lauderdale, Florida 33394<br>Telephone:   (954) 527-1115<br>Facsimile:    (954) 527-1116<br>Attorneys for Plaintiff<br><br>Via Transmission of Notices of Electronic Filing Generated by CM/ECF | Titan List and Mailing Services, Inc.<br>c/o Joan Piantadosi (as registered agent)<br>1020 NW 6th Street<br>Bay D<br>Deerfield Beach, Florida 33442<br><br>Via Service of Process |