**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 17-CV-62160-RLR**

CORNELIUS ROBERT CARUSO,

    Plaintiff,

vs.

TITAN LIST AND MAILING SERVICES, INC.,
and JOAN PIANTADOSI,

    Defendant(s).
_____/

## **MOTION IN OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE**

COME NOW, Defendants, by and through undersigned counsel, and file their Motion in Opposition to Plaintiff's Motions in Limine, and in support hereof states:

Plaintiff has filed Motions in Limine to exclude the following issues:

1.  Testimony and evidence regarding Mr. Caruso failing to internally complain about unpaid wages before filing the lawsuit;

2.  Testimony and evidence regarding any work Mr. Caruso performed allegedly during and after leaving Titan; and

3.  Testimony and evidence regarding the state court lawsuit Titan filed against Mr. Caruso for alleged misappropriation of confidential information.

### **I. Testimony and evidence regarding Mr. Caruso failing to internally complain about unpaid wages before filing the lawsuit**

Plaintiff claims that Plaintiff's lack of internal complaint concerning wages should be excluded from the trial by claiming that there is no requirement that Plaintiff exhaust internal remedies.

1

Defendants would not be using such lack of complaint as referring to exhaustion of internal remedies, but as to the credibility of the Plaintiff in bringing the subject lawsuit. Under Fed. R. Civ. P. 608(a), "a witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character."

Given that Plaintiff filed the subject suit against Defendants after Defendants sued him in State court concerning breach of a non-competition agreement, and the fact that Plaintiff never complained about Defendants' method of pay leads to the reasonable inference that the subject suit was filed in retaliation and as a defensive measure against the State Court suit.

There is no claim by Defendants in this case that Plaintiff did not work for them, as was the issue in *Gordilis v. Ocean Drive Limousines, Inc.*, 2014 U.S. Dist. LEXIS 72483, *8 (S.D. Fla. 2014)("[W]hether or not Plaintiffs had separately arranged work is irrelevant to whether or not Plaintiffs were Defendant' FLSA employees.").

Also, Plaintiff would not be required to give up attorney-client privilege communications, and could answer based on personal knowledge. Mr. Caruso's intent in bringing the subject lawsuit bears on the credibility of the testimony he plans to give which are allegedly contrary to Defendants' employment records.

As Defendants' employment records, Defendants' testimony concerning those records, and Plaintiff's testimony concerning the hours he worked, including his credibility as a witness, are the main issues in this matter, the lack of complaint should be admissible for trial.

## II. Testimony and evidence regarding any work Mr. Caruso performed allegedly during and after leaving Titan

For the same reasons as above, evidence of work Mr. Caruso performed for the third-

2

party company while employed by Defendants is relevant to the amount of hours he claims to have worked for Defendant, and should be admissible at trial.

### III. Testimony and evidence regarding the state court lawsuit Titan filed against Mr. Caruso for alleged misappropriation of confidential information.

Reference to Mr. Caruso's misappropriation of confidential information from Defendants, and reference to the lawsuit thereon.

Further, it

Further, the work done by Plaintiff for a third-party company while in the employ is relevant to the issue of the amount of time Plaintiff claims he was working for Defendant.

Finally, the lack of complaint serves to negate the presumption, claimed in the Motion for Court to Take Judicial Notice of another FLSA case against Defendants, that Defendants were aware of their failure to pay overtime wages. *See Titan List and Mailing Services, Inc., a Florida Corporation v. Cornelius Robert Caruso, an individual, and Redstone Print & Mail, Inc., a Forida Corporation,* Case No. 17-018397-CACE-18, in the Seventeenth Judicial Circuit in and for Broward County, Florida.

## CERTIFICATE OF SERVICE

I hereby certify that on April 30th, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document was serviced via transmission of Notices of Electronic Filing generated by

CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or parties of record on the Service List below.

By: s/Michael D. Stewart
Michael D. Stewart
Fla Bar No.: 12457

## SERVICE LIST

Brian L. Lerner
blerner@kvllaw.com
Kim Vaughan Lerner LLP
One Financial Plaza
100 SE Third Avenue, Suite 2001
Fort Lauderdale, Florida 33394
Telephone:  954-527-1115
Facsimile:   954-527-1116
Attorneys for Plaintiff