UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-62160-CIV-SELTZER

CORNELIUS ROBERT CARUSO,

    Plaintiff,

v.

TITAN LIST AND MAILING
SERVICES, INC., and JOAN PIANTADOSI,

    Defendants.
_____/

FILED BY _____ D.C.

AUG 1 6 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

## THE DUTY TO FOLLOW INSTRUCTIONS
## – CORPORATE PARTY INVOLVED

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

## CONSIDERATION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE; ARGUMENT OF COUNSEL; COMMENTS BY THE COURT

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## **CREDIBILITY OF WITNESSES**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

## IMPEACHMENT OF WITNESSES BECAUSE OF INCONSISTENT STATEMENTS

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## RESPONSIBILITY FOR PROOF – PLAINTIFF'S CLAIMS – PREPONDERANCE OF THE EVIDENCE

In this case it is the responsibility of the Plaintiff to prove every essential part of his claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for the Defendants as to that claim.

## RESPONSIBILITY FOR PROOF – AFFIRMATIVE DEFENSE
## PREPONDERANCE OF THE EVIDENCE

In this case, the Defendants assert affirmative defenses. Even if the Plaintiff proves his claims by a preponderance of the evidence, the Defendants can prevail in this case if they prove an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that the Defendants do not have to disprove the Plaintiff's claims, but if the Defendants raise an affirmative defense, the only way they can prevail on that specific defense is if they prove that defense by a preponderance of the evidence.

## FAIR LABOR STANDARDS ACT – 29 U.S.C. §§ 201 ET SEQ.

In this case, the Plaintiff claims that the Defendants did not pay him the minimum wage and overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA.

To succeed on his claim against the Defendants, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First: The Plaintiff was an employee of the Defendants and was engaged in commerce or in the production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and

Second: The Defendants failed to pay the Plaintiff the minimum wage or overtime pay required by law.

The first element is not in dispute. The parties have stipulated that the Plaintiff was an employee of the Defendants and was engaged in commerce or in the production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce. As such, you do not need to decide this issue.

In the verdict form that I will explain in a moment, you will be asked to answer questions about the second element – whether the Defendants failed to pay the Plaintiff the minimum wage and overtime pay required by the FLSA.

**Minimum Wage Claim:**

The FLSA requires that an employee receive at least the minimum wage for every hour worked. The minimum wage required by the FLSA during the period involved in this lawsuit was $7.25 per hour.

The Plaintiff contends that he was not paid minimum wage for hours worked between November 6, 2014, and June 15, 2017. The Defendants do not dispute that

8

if the Plaintiff worked hours in a work week, then he would be entitled to receive the minimum wage. The Defendants however contend that they properly paid the Plaintiff for all hours worked between November 6, 2014, and June 15, 2017.

If you find that the Plaintiff did work hours during any week between November 6, 2014, and June 15, 2017, but did not receive at least the required minimum wage for each hour work, then you must calculate the amount of minimum wage owed to the Plaintiff. The amount of damages would be the hours worked but not paid multiplied by $7.25 (the required minimum wage).

**Overtime Pay Claim:**

The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a work week. Put another way, if an employee works more than 40 hours in one work week, then the employer must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work.

The Plaintiff contends that he worked more than 40 hours during one or more weeks between November 6, 2014, and June 15, 2017, and that the Defendants failed to pay the required overtime pay during those weeks. The Defendants do not dispute that if the Plaintiff worked more than forty hours in a work week, then he would be entitled to receive overtime pay. The Defendants however contend that they properly paid the Plaintiff for all overtime hours worked between November 6, 2014, and June 30, 2016, and that the Plaintiff did not work any overtime hours from July 1, 2016, through June 15, 2017. If you find that the Plaintiff did work more than 40 hours during any week between November 6, 2014,

and June 15, 2017, then you must calculate the amount of overtime pay owed to the Plaintiff.

The employee's regular rate for one week is the basis for calculating any overtime pay due to the employee. The "regular rate" for a week is determined by dividing the total wages paid for the week by the total number of hours worked that week. With that regular rate, you then multiple that figure by 1.5. That creates the overtime rate for that week. To calculate how much overtime pay would be owed to the Plaintiff for a certain week, subtract 40 from the total number of hours he worked that week and then multiply the difference by the overtime rate. Defendants failed to pay Plaintiff the required overtime pay if they paid him less than that amount.

By way of example, assume the Plaintiff received total wages of $1,000 during a work week and assume he worked a total of 50 hours. The regular hourly rate would be calculated by dividing $1,000 by 50 hours. This would establish a regular rate of $20/hour ($1,000 / 50). To establish the overtime rate, you would multiple $20 by 1.5. This would result in an overtime rate of $30/hour ($20 x 1.5). In this example, if the Plaintiff established that he did work 50 hours, then his overtime damages would be $300 ($30/hour x 10 hours not paid [50 hours – 40]).

**Two Years Versus Three Years of Damages:**

The Plaintiff is entitled to recover lost wages from the date of your verdict back to no more than two years before he filed this lawsuit, that is November 6, 2015 – unless you find that the Defendants either knew or showed reckless disregard for whether the FLSA prohibited its conduct. Reckless disregard is defined as the failure to make adequate inquiry into whether conduct is in

compliance with the FLSA. Reckless disregard may apply even when the employer did not knowingly violate the FLSA; rather, it may apply when the employer simply disregarded the possibility that it might be violating the FLSA.

If you find that the Plaintiff met his burden in establishing that the Defendants knew or showed reckless disregard for whether the FLSA prohibited their conduct and if you find that the Defendants did not meet their burden in establishing their affirmative defense, then the Plaintiff is entitled to recover lost wages from the date of your verdict back to no more than three years before the Plaintiff filed this lawsuit, that is November 6, 2014.

**Inadequate Records:**

The law requires an employer to keep records of how many hours its employees work and the amount they are paid. In this case, the Plaintiff claims that the Defendants did not maintain accurate records and, at certain points in time, failed to keep any records of his hours worked. The Plaintiff also claims that the Defendants' failure to maintain and keep adequate records has made it difficult for the Plaintiff to prove the exact amount of his claim.

If you find that the Defendants failed to maintain or keep adequate time records for the Plaintiff and that the Plaintiff performed work for which he should have been paid, the Plaintiff may recover a reasonable estimation of the amount of his damages. Evidence used by the Plaintiff to calculate wages owed need not be perfectly accurate, since the employee should not be penalized when the inaccuracy is due to an employer's failure to keep adequate records. But to recover this amount, the Plaintiff must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which he seeks pay.

## **BREACH OF CONTRACT**

The Plaintiff claims that he and the Defendant Titan List and Mailing Services, Inc., entered into a verbal contract starting July 1, 2016, in which Titan agreed to pay the Plaintiff a commission of 25% of the total gross profit on each sale the Plaintiff made. The Plaintiff claims that Titan breached this contract by not paying the commissions earned during the final week of his employment, and that the breach resulted in damages to the Plaintiff.

Titan does not dispute that there was a verbal contract but denies that any commissions are owed. Titan also claims that Plaintiff's breach of contract claim is barred based on Plaintiff's previous breach of the contract.

To recover damages from Titan for breach of contract, the Plaintiff must prove all of the following:

1. The Plaintiff and Titan entered into a contract;

2. The Plaintiff did all, or substantially all, of the essential things which the contract required him to do or that he was excused from doing those things;

3. Titan failed to do something essential which the contract required it to do; and

4. the Plaintiff was harmed by that failure.

## DUTY TO DELIBERATE WHEN ONLY THE PLAINTIFF CLAIMS DAMAGES

Of course, the fact that I have given you instructions concerning the issue of the Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## ELECTION OF FOREPERSON
## EXPLANATION OF VERDICT FORM[S]

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.