UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-62160-CIV-SELTZER
(CONSENT CASE)

CORNELIUS ROBERT CARUSO,

    Plaintiff,

v.

TITAN LIST AND MAILING
SERVICES, INC., and JOAN PIANTADOSI,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Verified Motion for Attorney's Fees and to Tax Additional Costs [DE 125] and Defendant's Motion to Reduce Attorney's Fees [DE 129]. Following a jury verdict in favor of Plaintiff, the Court entered a Final Judgment [DE 89] in favor of Plaintiff, Cornelius Robert Caruso, and against Defendants, Titan List and Mailing Services, Inc. and Joan Piantadosi, on Caruso's claims for overtime compensation under the Fair Labor Standards Act ("FLSA"). Caruso seeks an award of attorney's fees in the amount of $147,107 and additional costs in the amount of $2,269.[1]

The FLSA mandates an award of attorney's fees to a prevailing party pursuant to 29 U.S.C. § 216(b), which provides that "[t]he court . . . shall in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Defendants do not dispute Caruso's entitlement to attorney's fees and costs but have filed a Motion to Reduce Attorney's Fees [DE 129], arguing that the fees requested are unreasonably high given the relatively

---

[1] The Court previously entered a Judgment [DE 108] for costs in the amount of $5,043.85 against Defendants.

uncomplicated nature of the issues presented at trial.  Defendants ask the Court to make an across-the-board 30% reduction to the amount of attorney's fees requested.

The Court is mindful of the admonition that "[i]n awarding attorney's fees, '[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.'" Roldan v. Pure Air Solutions, Inc., 2010 WL 410571, at *3 (S.D. Fla. Jan. 29, 2010) (quoting ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999)).  The Court, therefore, has conducted an independent analysis of the fee request and exercised independent judgment as to the appropriate fee award.

To calculate a reasonable attorney's fee,[2] the Court must utilize the "lodestar" method.  See Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292 (11th Cir. 1988).  In computing the lodestar, the first step is to determine the reasonable hourly rate.  A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman, 836 F.2d at 1299).  A court is deemed an expert on

---

[2] Neither Plaintiff nor Defendants have requested a hearing, and the Court concludes that a hearing is not necessary.  In Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292 (11th Cir. 1988), this Circuit ruled that a hearing on a fee petition is required only "where an evidentiary hearing [is] requested, where there [are] disputes of fact, and where the written record [is] not sufficiently clear to allow the trial court to resolve the disputes of fact. . . ."  Id. at 1303-04.  This Circuit has explained that "[a]n evidentiary hearing is unnecessary for issues about which the district court possesses sufficient expertise: 'Such matters might include the reasonableness of the fee, the reasonableness of the hours and the significance of [the] outcome.'" Thompson v. Pharmacy Corp. of Am., Inc., 334 F.3d 1242, 1245 (11th Cir. 2003) (quoting Norman, 836 F.2d at 1309).  The written record here is sufficiently clear to permit the Court to resolve any fact issues that may exist.

2

the issue of hourly rates and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Loranger, 10 F.3d at 781 (quoting Norman, 836 F.2d at 1303).

Throughout this litigation, Caruso was ably represented by attorney Brian L. Lerner, Jay Kim, and the firm of Kim Vaughan Lerner LLP. Caruso seeks fees for services rendered by attorney Lerner and by attorney Kim at an hourly rate for each of $395. Brian Lerner has submitted billing records and a declaration [DE 125-1] in support of the claim for attorney's fees and costs. Lerner has been a member of the Florida Bar since 1999 and is one of approximately 200 attorneys who are board certified in Labor & Employment Law by the Florida Bar. Jay Kim has been admitted to the Florida Bar since 1997, is rated as AV Preeminent by a peer-rated service, and is the recipient of numerous professional awards and recognitions. Lerner and Kim are both highly competent, skilled attorneys with extensive experience in employment litigation. The Court finds that the hourly rate requested is reasonable and consistent with the South Florida marketplace and is warranted based upon the skill, experience, and reputation of the attorneys.

Once the hourly rate is set, the Court must determine the reasonable number of hours expended in the litigation. The burden is on the fee applicant to establish that the time for which compensation is sought was reasonably expended in the litigation. Barnes, 168 F.3d at 428 (quoting Norman, 836 F.2d at 1301). The fee applicant must provide the court with specific and detailed evidence that will allow it to accurately determine the amount of fees to be awarded. Id. If the fee applicant fails to exercise

required billing judgment, then the court must to do so by reducing the number of hours and "pruning out those that are excessive, redundant or otherwise unnecessary." Id.

Caruso seeks to recover a total of $147,107 in fees: $90,099.50 for Lerner's services (228.10 hours); $56,277.50 for Kim's services (142.50 hours); and $759.50 for services of a paraprofessional (4.90 hours). "There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." Norman, 836 F.2d at 1302. However, when the presence of a second attorney does not reflect sound billing judgment, the Court may in its discretion disallow the requested fees. See Quainoo v. City of Huntsville, 2014 WL 11281203, at *8 (N.D. Ala. June 2, 2014), aff'd sub nom. Quainoo v. City of Huntsville, Ala., 611 Fed. Appx. 953 (11th Cir. 2015) (disallowing fees for second attorney who attended but who did not participate in trial).

The Court has reviewed the billing records in this case in great detail. In addition, the case was tried by consent before the undersigned and, thus, the undersigned is intimately familiar with the scope and extent of this litigation. At trial, Plaintiff presented three witnesses, including himself and one witness who testified via deposition, and read a portion of Defendant's deposition [DE 76, 77, 78]. Defendant presented two witnesses, Defendant Joan Piantadosi and her husband, John Flathmann [DE 77, 78]. Plaintiff introduced 13 exhibits at trial [DE 86].

This was not a complex litigation. According to the billing records [DE 125-1], attorney Lerner had sole responsibility for this case from its inception through mediation. He drafted and reviewed all the pleadings, took all the depositions, and attended

4

mediation. Attorney Kim first became involved in the case in June 2018 and thereafter helped prepare for and attended the trial. At trial, attorney Kim skillfully presented Plaintiff's opening statement and cross-examined John Flathmann. Plaintiff had two attorneys present for all three days of trial, at a cost of $6,000 per day. In addition, the two attorneys billed an average of $2,000 each for the following day's trial preparation, resulting in attorney's fees of approximately $10,000 per day for the trial. Given the brevity of the case, the very small number of witnesses and exhibits, and the non-complexity of the issues, the Court finds the presence of a second attorney at trial to be unnecessary and not reflective of sound billing judgment.

The Eleventh Circuit has instructed that "[w]hen a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). Defendants have moved for a 30% reduction in fees. The Court finds this to be a reasonable deduction ($44,132) in that it discounts the excessive and redundant fees incurred by Kim's presence at trial, but it awards a fair amount of fees for the work that attorney Kim did perform at trial.

Plaintiff also seeks an award of $2,269 for additional costs incurred since the submission of Plaintiff's Bill of Costs. Defendants have not objected to these costs. The Court, therefore, determines that the costs were necessarily incurred and should be taxed.

For the foregoing reasons, it is hereby

5

**ORDERED AND ADJUDGED** that Plaintiff's Verified Motion for Attorney's Fees and to Tax Additional Costs [DE 125] is **GRANTED IN PART and DENIED IN PART** and that Defendant's Motion to Reduce Attorney's Fees [DE 129] is **GRANTED**. The Court awards attorney's fees in the amount of $102,975 and additional costs in the amount of $2,269 to Plaintiff Robert Caruso. No pre-judgment interest will be awarded. Plaintiff's counsel is directed to submit a Judgment for these amounts to Chambers.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 30th day of October 2018.

_____
BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF